FILED

SEP 26 2006

U.S. BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| In re:<br><br>RICARDO J ESPINOZA and TABITA ESPINOZA,<br><br>Debtors. | )<br>)<br>)<br>)<br>)<br>)<br>) | Chapter 7<br><br>No. 4:06-bk-00399-JMM<br><br>**MEMORANDUM DECISION (RE: ORDER TO SHOW CAUSE)** |

On September 26, 2006, this court held an order to show cause hearing concerning a law firm which received a $300 retainer for bankruptcy advice, without having filed a notice of appearance or any pleading or document in a bankruptcy case. After hearing, the matter was taken under advisement. The court now rules.

**FACTS**

1. The Debtors filed a chapter 7 petition on April 18, 2006.

2. The Debtors represented themselves.

3. The Debtors, at the time the petition was filed, owned a 2002 Mazda MPV minivan, automobile, in which DM Federal Credit Union ("DM") held a lien.

4. The balance due on the DM debt was approximately $12,983.

5. In due course, DM's attorney sent the Debtors a proposed reaffirmation agreement concerning the vehicle.

6. One of the Debtors, Mr. Richard Espinoza, then took the proposed reaffirmation agreement to the firm of King & Frisch, P.C., and met with attorney Shawn Lueras of that firm.

7. Mr. Lueras charged a $300 retainer to the Debtors for rendering advice on the reaffirmation issue of which apparently $267.50 has been allegedly earned.

8. Mr. Lueras never filed any document or pleading with the bankruptcy court to disclose his, or the firm's, apparent limited representation of the Debtors in this bankruptcy case.

9. The Debtors then filed paperwork asking the court to approve the DM reaffirmation.

10. The court, unaware that an attorney had been retained, set a hearing on the Debtors' request, in order that it could speak with them as to whether the reaffirmation agreement was in their best interests.

11. At the hearing held on September 5, 2006, the court determined that reaffirmation was <u>not</u> in the Debtors' best interests, and denied their request. At that hearing, the Debtors disclosed that they had met with attorney Lueras and had paid him $300 for services rendered in connection with the reaffirmation agreement.

12. The court then issued an order to show cause to the firm concerning whether the $300 should be returned to the Debtors.

## <u>THE LAW</u>

Both the bankruptcy code and the rules are clear that money paid by debtors to their attorneys must be disclosed, and ultimately approved by the court as reasonable. The starting point is 11 U.S.C. § 329(a), which states:

> (a) Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

(Emphasis supplied.) Bankruptcy Rule 2017(b) elaborates upon this duty, and upon the court's role in policing the bar:

> (b) PAYMENT OR TRANSFER TO ATTORNEY AFTER ORDER FOR RELIEF. On motion by the debtor, the United States trustee, or on the court's own initiative, the court after notice and a hearing may determine whether any payment of money or any transfer of property, or any agreement therefor, by the debtor to an attorney after entry of an order for relief in a case under the Code is excessive, whether the payment or transfer is made or is to be made directly or indirectly, if the payment, transfer, or agreement therefor is for services in any way related to the case.

It is not disputed that the law firm has never filed the 2017(b) statement required by the statute.

These Debtors, so far as the court knew (until they mentioned it), were representing themselves. Moreover, they paid $300 for bankruptcy services to a firm which never reported the payment nor filed the required statement until required to appear by the court's order to show cause.

Additionally, the advice given concerning the reaffirmation agreement was contrary to that required by the code, to wit, to have a bankruptcy judge advise unrepresented debtors as to their rights, and whether signing such an agreement was in their best interests. After a hearing, the court felt reaffirmation was not in their best interests, and denied their request. See 11 U.S.C. § 524(c)(6)(A).

Consequently, the court finds that the "value" of the undisclosed legal services is zero.

Hopefully, the firm will read the statute and rules before attempting bankruptcy services in the future.[1]

## RULING

Accordingly, a separate order will issue simultaneously with this Memorandum Decision, which requires the firm of King & Frisch, P.C. to disgorge and return the $300 fee collected from the Debtors within ten (10) days, and to file a notice that it has done so with the bankruptcy court.

DATED: September 26, 2006.

JAMES M. MARLAR
UNITED STATES BANKRUPTCY JUDGE

[1] The firm argues that 11 U.S.C. § 327 and Rules 2014 and 2016 are inapplicable. The court agrees. However, the firm totally fails to address applicable Rule 2017(b) and 11 U.S.C. § 329.

COPIES served as indicated below this 26 day of September, 2006, upon:

Ricardo J. Espinoza
Tabita Espinoza
3842 E. White River Dr.
Tucson, AZ 85706-4795
U.S. Mail

Shawn R. Lueras
King & Frisch PC
6226 E. Pima St., Suite 150
Tucson, AZ 85712-0001
U.S. Mail

Gayle Eskay Mills
P.O. Box 36317
Tucson, AZ 85740
Email Gayle.Mills@azbar.org

Howard M. Chorost
21 East Speedway
Tucson, AZ 85705
Email howard.chorost@azbar.org

Office of the United States Trustee
230 North First Avenue, Suite 204
Phoenix, AZ 85003-1706
U.S. Mail

By /s/ M. B. Thompson
Judicial Assistant